3/18/2021 3:41 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 51614028
By: Monica Jackson
Filed: 3/18/2021 3:41 PM

CAUSE NO.

| | |
|---|---|
| TERESA LAZO, | IN THE DISTRICT COURT |
| Plaintiff, | |
| vs. | _____ JUDICIAL DISTRICT |
| KROGER TEXAS L.P., | |
| Defendant. | |
| | HARRIS COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now, Teresa Lazo ("Plaintiff"), and files this Original Petition complaining of and against Kroger Texas L.P. ("Defendant"), and would respectfully show the Court as follows:

### I. DISCOVERY LEVEL

Plaintiff seeks monetary relief over $250,000.00 but not more than $1,000,000.00 and a demand for judgment for all the other relief to which Plaintiff deems herself entitled.

Plaintiff intends to conduct discovery in this matter under Level 2 of Texas Rule of Civil Procedure 190.3.

### II. PARTIES

Plaintiff, Teresa Lazo, is an individual residing in Harris County, Texas.

Defendant, Kroger Texas L.P., is a limited partnership company doing business in the State of Texas. Defendant may be served with process through its registered agent, Corporation Service Company D/B/A CSC-Lawyers INCO., office address: <u>211 E. 7th Street, Ste. 620,</u>

Austin, TX 78701, or wherever the registered agent may be found. Service on Defendant is hereby requested at this time.

### III. JURISDICTION & VENUE

The Court has subject matter jurisdiction over this matter because the amount in controversy exceeds the minimum jurisdictional limit of the Court. Venue is proper in Harris County, Texas, as this is the county in which the cause of action occurred.

### IV. FACTUAL BACKGROUND

On May 3, 2020, Teresa Lazo was a patron at Kroger Texas L.P. located at 12620 Woodforest Blvd. Houston, Texas 77015. At the time of the incident, this store was owned, controlled, and/or operated by Defendant named herein. At the time of the incident, Plaintiff, Teresa Lazo was shopping during store operational hours and when exiting the store, the automatic doors immediately closed on Ms. Lazo. Plaintiff was thrown backwards from the closure of the sliding doors and landed on her back. The store manager at Kroger's came to assist Ms. Lazo and an incident report was filed.

Defendant, Kroger Texas L.P. knew or should have known that the injury hazard was caused by not properly maintaining the malfunctioning equipment and would cause harm to patron(s). As a result of Defendants negligence, Plaintiff suffered bodily injuries.

### V. NEGLIGENCE OF DEFENDANT KROGER TEXAS L.P.

Because Plaintiff was on Defendants' premise to shop, she was an invitee at the time of the incident. The negligence of Kroger Texas, L.P. and the store manager did not place any warning signs if equipment was not properly operating and/or negligence of maintaining the store equipment. Defendants' premise posed an unreasonable risk of harm to its business patrons such as Plaintiff. Defendant's knew or should have known the danger of the malfunctioning

equipment. Defendant owed a duty to its invitees, such as Plaintiff, to exercise ordinary care. Defendants breached its duty of ordinary care to Plaintiff in one or more of the following particulars:

a. In failing to verbally warn invitees, such as Plaintiff, of the entrance/exit door;
b. In failing to place any warning signs in the entrance/exit areas;
c. In failing to make the condition reasonably safe from the walk way for invitees, such as Plaintiff;
d. In failing to properly inspect and maintain its premises and/or equipment.

Each of the above acts and omissions, singularly or in combination, constituted negligence which proximately caused the collision and Plaintiff's injuries and damages.

## VI. DAMAGES

Because of the actions and conduct of Defendant set forth above, Plaintiff suffered bodily injuries and damages. By reason of those injuries and the damages flowing in law therefrom, this suit is maintained.

Because of the nature and severity of the injuries Plaintiff sustained, she has suffered physical pain, mental anguish and physical impairment, and in reasonable probability will continue to suffer physical pain, mental anguish and physical impairment into the future.

The injuries sustained by Plaintiff have required medical treatment in the past and in reasonable probability will require other and additional medical treatment in the future. Charges incurred by Plaintiff for such medical treatment in the past and those which will in reasonable probability be incurred in the future have been and will be reasonable charges made necessary by the incident in question.

## VII. RESERVE THE RIGHT TO AMEND & SUPPLEMENT

These allegations against Defendants are made acknowledging that investigation and discovery, although undertaken, are continuing in this matter. As further investigation and

discovery are conducted, additional facts will surely be uncovered that may and probably will necessitate further, additional, and/or different allegations, including the potential of adding parties to and/or dismissing parties from the case. The right to do so is, under Texas law, expressly reserved.

### VIII.  REQUEST FOR DISCLOSURE TO DEFENDANT

Pursuant to Texas Rule of Civil Procedure 194(a), each Defendant is required to disclose, within thirty (30) days of the filing of the first answer, the information or material described in Rule 194.2(b)1-12. Any Defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosures within thirty (30) days after being served or joined.

### IX. PRE-JUDGMENT INTEREST

Plaintiff would additionally say and show that she is entitled to recovery of pre-judgment interest in accordance with law and equity as part of her damages herein, and Plaintiff here and now sues for recovery of pre-judgment interest as provided by law and equity under the applicable provisions of the laws of the State of Texas.

### X. RULE 193.7 NOTICE

Plaintiff hereby give actual notice to Defendants that any and all documents produced may be used against them during any pretrial proceeding and/or at trial without the necessity of authenticating the documents as permitted by Texas Rule of Civil Procedure 193.7.

### XI. DESIGNATED E-SERVICE EMAIL ADDRESS

The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant of Tex. R Civ. P, 21(a) and 21(f)(2).(vle@millerweisbrod.com). This is the ONLY electronic service email address, and service through any other email address will be considered invalid.

## XII. Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon final trial, Plaintiff recovers actual damages as specified above from Defendant, plus costs of Court, pre-judgment and post-judgment interest at the legal rate, and have such other and further relief, general and special, at law and in equity, to which Plaintiff may be justly entitled under the facts and circumstances.

Respectfully submitted,

**LAW OFFICES OF DOMINGO GARCIA, L.L.P.**

6200 Gulf Freeway, Suite 410
Houston, Texas 77023
Telephone: (713) 349-1500
Facsimile: (713) 432-7785


*/s/ Christopher Ngo*
Christopher Ngo
State Bar No.: 24105692
cngo@millerweisbrod.com

**ATTORNEY FOR PLAINTIFF**